UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRENT EDWARD GUSTINE,

      Plaintiff,

v.

COUNTY OF SAN DIEGO,

      Defendant.

Case No.: 19cv903-LAB (NLS)

**ORDER GRANTING IN PART MOTION TO DISMISS**

  Defendant County of San Diego filed a motion to dismiss, to which Plaintiff Brent Gustine failed to file an opposition. The Court ordered Gustine to show cause why the motion should not be summarily granted, and cautioned him that if he failed to show cause, the motion would be granted. He has now filed his response, explaining that failure to oppose the motion was an oversight.

  The complaint set forth four claims: 1) deliberate indifference to a substantial risk of harm; 2) cruel and unusual punishment; 3) a claim under *Monell v. N.Y.C. Dept. of Social Servs.*, 436 U.S. 658 (1978); and 4) negligence. The first three claims are brought under 42 U.S.C. § 1983, while the fourth arises under state law. Gustine's response admits that he cannot maintain a claim for negligence, and agrees that his *Monell* claim is inadequately pled. But he argues that if permitted to amend, he can state a *Monell* claim.

The response did not, however, address the first two claims, except to argue that Gustine did not bring vicarious liability claims against the County. As pled, however, the first two claims are vicarious liability or *respondeat superior* claims. They allege merely that individual officers committed certain wrongful acts "individually and as peace officers," without alleging the County's participation in those acts. (*See* Compl. ¶¶ 26–28, 32–34.) It may be that Gustine can amend the complaint to explain the County's participation in these acts, but at present they are subject to dismissal. *See Monell*, 436 U.S. at 691 (holding that a municipality cannot be liable under § 1983 on a *respondeat superior* theory merely because it employed a tortfeasor).

Because Gustine admits he cannot salvage his negligence claim by amendment, there is no reason to allow this claim to go forward. He admits his *Monell* claim is inadequate, but seeks leave to amend. In view of the liberal policy favoring leave to amend, *see Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018), that request will be granted. With regard to the first and second claims, Gustine has failed to respond as ordered, and it appears they are subject to dismissal as well. They may be salvageable, however, as part of the *Monell* claim, and it may be that Gustine can eventually amend to add the individual officers as Defendants.

Gustine's negligence claim is **DISMISSED WITH PREJUDICE**. His *Monell* claim is **DISMISSED WITHOUT PREJUDICE**. His remaining two claims are **DISMISSED WITHOUT PREJUDICE**. No later than **fourteen calendar days from the date this order is issued**, Gustine may file an amended complaint that complies with Civil Local Rule 15.1(c). It may include his *Monell* claim and must correct the defects the motion to dismiss identified. It may include his remaining

/ / /
/ / /
/ / /

two claims only if they are pled as *Monell* claims and supported with adequate allegations, or if he names the officers as Defendants.

**IT IS SO ORDERED**.

Dated: July 31, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge