UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRENT EDWARD GUSTINE, | Case No. 3:19-cv-00903-LAB-NLS |
|---|---|
| Plaintiff, | **ORDER: (1) GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; AND (2) ISSUING ORDER TO SHOW CAUSE** |
| vs. | |
| COUNTY OF SAN DIEGO; DOES 1 THROUGH 10, | [ECF No. 11] |
| Defendants. | |

Plaintiff has brought this action under 42 U.S.C. Section 1983 alleging that his constitutional rights were violated when he was housed at the San Diego Central Jail ("SDCJ") in November of 2018. (*See* First Am. Compl., ECF No. 10.) Defendant County of San Diego moves to dismiss all the claims in Plaintiff's First Amended Complaint[1]

---

[1] Plaintiff requested and was granted leave to amend his original Complaint in response to Defendants' initial motion to dismiss on August 1, 2019. (*See* ECF No. 9.)

1

3:19-cv-00903-LAB-NLS

("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot., ECF No. 11.) Plaintiff filed an Opposition to Defendants' Motion to which Defendants filed a Reply. (*See* ECF Nos. 13, 14.)

While the Motion was initially calendared before Magistrate Judge Nita L. Stormes, the Court has determined that this Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Stormes is necessary.

For the reasons set forth more fully below Defendant's Motion is **GRANTED**.

## I. Factual allegations[2]

On July 25, 2018, Plaintiff was arrested and housed in the SDCJ. *See* FAC at 4. Plaintiff was placed in "Intake Holding #1" and "went to sleep." *Id.* One day later, Inmate George Julius ("Julius") "was arrested by El Centro Police Department for violating a protective order to prevent domestic violence." *Id.* Plaintiff claims "Doe Officers" examined Julius and "knew of his propensity of violence." *Id.* Defendant Doe Deputy #1 purportedly told Defendant Doe Deputy #2 that Julius "should not be placed with other inmates." *Id.*

Plaintiff claims that Defendants, "despite … knowing [Julius'] propensity of violence," placed Julius in the same cell as Plaintiff. *Id.* As a result, Julius purportedly "walk[ed] up to Plaintiff and began punching Plaintiff's face and body." *Id.* Plaintiff "fell off the bench" as Julius continued to punch and kick Plaintiff "several times." *Id.* Plaintiff claims to have lost "consciousness" during the encounter. *Id.*

After Plaintiff "regained consciousness, he heard deputies telling him to get out of the cell." *Id.* As he was escorted out of the cell, he "overheard Doe Deputy #1tell Doe Deputy, 'I told you [Julius] shouldn't have been placed in a cell with anyone'." *Id.*

---

[2] Page numbers for all documents filed in the Court's Case Management/Electronic Case File ("CM/ECF") will refer to the pagination generated by CM/ECF as indicated on the top right-hand corner of each chronologically-numbered docket entry.

"As a result of Plaintiff being attacked, he suffered a broken nose, contusion to his lip, fractured back, shoulder injury, concussions, brain trauma, headaches, memory loss, anxiety, depression and lack of focus." *Id.* at 5.

## II. Defendant's Motion to Strike

In Defendant's Motion they request that the "Court strike the references to 'all Defendants'," or in the alternative, dismiss them as a named Defendant from Plaintiff's first, second, and fourth claims. (Def.'s Mot. at 9.)

In Plaintiff's response, he indicates that the first and second claims in his FAC "are not alleged against the County." (Pl.'s Reply at 4.) Therefore, Plaintiff "accepts Defendant County's request to strike reference to 'all Defendants' made in Plaintiff's first and second claims, as said claims are only alleged against Defendants DOE Deputies 1-10, individually." (*Id.*) Plaintiff further states he "never intended to seek liability against the County based on the first two claims." (*Id.*)

Based on these representations, the Court strikes Defendant County of San Diego from Plaintiff's first and second claims.

Plaintiff does not address Defendant's request to strike his fourth claim which is a state law negligence claim. In the Court's August 1, 2019, it was made clear that Plaintiff's state law negligence claim was dismissed with prejudice. (Aug. 1, 2019 Order at 2.) Plaintiff was not given permission by the Court to re-allege this claim in his FAC.

Thus, the Court GRANTS Defendant's Motion to Strike Plaintiff's state law negligence claim found in count 4 pursuant to Federal Rule of Civil Procedure 12(f)(2).

## III. Defendant's Motion to Dismiss

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Bryan v. City of Carlsbad*, 207 F. Supp. 3d 1107, 1114 (S.D. Cal. Mar. 20, 2018).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cty.*, 865 F.3d 1224, 1228-29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B. <u>Monell liability</u>

Defendant argues that Plaintiff's FAC "still does not allege sufficient facts to allege a constitutional claim against the County." (Def.'s Mot. at 9.) In his FAC, Plaintiff claims that the Defendant's failure to train individual employees resulted in violations of his constitutional rights. (*See* FAC at 7-10.) A municipal entity is liable under section 1983 only if Plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San

Diego may not be held vicariously liable under section 1983 simply based on allegedly unconstitutional acts of its employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts the injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

In seeking relief against a municipality, "the inadequacy of the police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Plaintiff "must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim." *Price v. Sery*, 513 F.3d 962, 972 (9th Cir. 2008). "When city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifference if the policymakers choose to retain that program." *Connick v. Thompson*, 562 U.S. 51, 61 (2011).

In addition, in order to state a "failure to train" claim, Plaintiff must demonstrate that "(1) he was deprived of a constitutional right, (2) the [County] had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact,' and (3) his constitutional injury would be have avoided had the [County] properly trained those officers." *Blankenhorm v. City of Orange,* 485 F.3d 463, 484 (9th Cir. 2007).

Defendant argues that the "FAC does not adequately identify any San Diego Sheriff policy that instructs the entity's employees to take an unconstitutional action." (Def.'s Mot. at 11.) They argue "Plaintiff appears to allege that the County had a policy of requiring 'violent' inmates to be housed together without appropriate supervision." (*Id.*) However, Plaintiff argues that he has identified that a lack of a policy to screen

inmates "with a propensity for violence" is a "policy of inaction" which is "obviously deficient and likely to cause constitutional injury." (Pl.'s Opp'n at 5-6.)

A Plaintiff may demonstrate that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Kirkpatrick v County of Washoe*, 843 F.3d 784, 793-94 (9th Cir. 2016) (citing *Canton*, 489 U.S. at 389).

In his FAC, Plaintiff sets forth a "list of incidents exemplifying the aforementioned policies, customs," and practices of the Defendant. (FAC at 8.) Specifically, Plaintiff identifies reports that from 2015-2018 that "the San Diego County jail system struggled with an over-incarceration of people with mental disabilities, which resulted in excessive force, inmate suicide." (*Id.*) In addition, Plaintiff alleges that according to "media reports," SDCJ "inmate suicides have escalated 3-fold since 2011," the San Diego Sheriff's Department "admitted" that the "number of high-risk inside since 2001" has "led to violence in the facilities," and in 2018 the "San Diego County Citizen Review" determined that the SDCJ "wrongfully placed a jail inmate into general which resulted in a general population detainee to be assaulted." (*Id.*)

"A 'pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.'" *Flores v. Cnty of Los Angeles*, 759 F.3d 1154, 1159 (9th Cir. 2014) (quoting *Connick*, 563 U.S. at 62. Here, Plaintiff's FAC points to a high rate of inmate suicides in support of his claim that there is a lack of training. That may or may not be true but inmate suicides are not at issue in this matter. He also points to just one incident in which an inmate was "wrongfully placed" with another inmate causing an assault to occur. There is no allegation as to why this particular inmate was "wrongfully placed" and more importantly, one incident cannot establish a "pattern" of constitutional violations.

6

3:19-cv-00903-LAB-NLS

Taking true Plaintiff's allegations as true, the Court finds that he has failed to allege facts sufficient to show that there was a pattern of constitutional violations by employees sufficient to state a "failure to train claim" against the County of San Diego. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Thus, Defendant County of San Diego's Motion to Dismiss the claims against them is GRANTED for failing to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C. Unserved Defendants

Defendant also seeks to dismiss the claims against the Doe Defendants on the grounds that Plaintiff "has not named, nor served any" of the Doe Defendants. (Def.'s Mot. at 17.) Plaintiff must show cause no later than sixty (60) days from the date this Order is filed why the claims against the Doe Defendants should not be dismissed for want of prosecution pursuant to Fed.R.Civ.P. 4(m). If Plaintiff fails to provide the Court with documentation demonstrating identification and proper service on these Defendants within sixty (60) days from the date this Order is filed, the claims against them in this action will be dismissed without prejudice.

## III. Conclusion and Order

For all the reasons discussed, the Court:

1) **GRANTS** Defendant County of San Diego's Motion to Strike as to Plaintiff's First and Second claims pursuant to Fed.R.Civ.P. 12(f);

2) **GRANTS** Defendant County of San Diego's Motion to Strike Plaintiff's Fourth claim in its entirety with prejudice pursuant to Fed.R.Civ.P. 12(f);

3) **GRANTS** Defendant County of San Diego's Motion to Dismiss Plaintiff's Fourteenth Amendment claims based on a failure to train pursuant to Fed.R.Civ.P. 12(b)(6);

4) **GRANTS** Plaintiff sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.

It is further ordered that:

5) Plaintiff must show cause no later than sixty (60) days from the date this Order is filed to identify and serve the Doe Defendants. If Plaintiff fails to comply with this Court order, he must show cause in sixty (60) days why the claims against the Doe Defendants should not be dismissed for want of prosecution pursuant to Fed.R.Civ.P. 4(m). If Plaintiff fails to provide the Court with documentation demonstrating proper identification and service on these Defendants within sixty (60 days from the date this Order is filed, the claims against them in this action will be dismissed without prejudice.

**IT IS SO ORDERED**.

Date: November 20, 2019

_____
Hon. Larry Alan Burns
Chief United States District Judge